798 F.2d 333
 21 Fed. R. Evid. Serv. 476
 UNITED STATES of America, Appellee,
v.
Donald BOWMAN a/k/a Ronald Roy Cooper a/k/a Harvey James
Somack a/k/a J.D.S. a/k/a Dwain Raymond Schuch
a/k/a James Emerson, Appellant.
 No. 85-5278.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1986.
Decided Aug. 14, 1986.
 
 Daniel M. Scott, FPD, Minneapolis, Minn., for appellant.
 Thomas B. Heffelfinger, Asst. U.S. Atty., Minneapolis, Minn., for appellee.
 Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Donald Bowman appeals from his conviction for armed robbery of a federally registered pharmacist, 18 U.S.C. Sec. 2118(a) and (c)(1), conspiracy to rob a federally registered pharmacist, 18 U.S.C. Sec. 2118(d), and unlawful possession with intent to distribute controlled substances, 21 U.S.C. Secs. 841(a)(1) and 846. On appeal, Bowman contends that the district court erred in its instructions to the jury, and in allowing the Government to introduce prejudicial hearsay and character evidence. For the reasons discussed below, we affirm Bowman's conviction.
 
 I. BACKGROUND
 
 2
 On January 19, 1985, at approximately 9:15 a.m., a man armed with a shotgun and carrying a handgun robbed a pharmacy in Crystal, Minnesota. The man, later identified as John Veronikas, escaped in a silver Lincoln Continental car with a quantity of Schedule II controlled substances.
 
 
 3
 The police traced the license number of the escape car to a Lincoln registered to the Hertz Rental Corporation. Hertz thereafter discovered the car missing from its rental lot at the Minneapolis-St. Paul International Airport. The car was later located abandoned in a parking lot less than a block from the pharmacy.
 
 
 4
 A federal grand jury ultimately indicted five persons for the pharmacy robbery: John Veronikas, Phillip and Terri Kraker, Robert Verdon, and the appellant, Donald Bowman. All the defendants but Bowman pled guilty to the charges. Bowman pled innocent, and was bound over for trial.
 
 
 5
 The Government's case against Bowman relied primarily on the testimony of two co-defendants, John Veronikas and Phillip Kraker, and two former inmates from the jail at which Bowman had been held for trial. Although the testimony of Veronikas and Kraker contained numerous inconsistencies, both men stated that Bowman had participated with them in the planning and execution of the robbery. They testified that Bowman, a Hertz car transporter at the airport lot, supplied them with the Lincoln Continental and with a portable police scanner that Veronikas wore during the robbery. They also testified that Bowman served as a lookout in another car during the robbery. Veronikas additionally testified that he had given Bowman all the stolen drugs contained in sealed packages. The police never recovered any of the drugs contained in sealed packages.
 
 
 6
 The two former inmates, James Starnes and Donald McSwain, testified that Bowman had made "jailhouse confessions" admitting his participation in the pharmacy robbery. Both Starnes and McSwain testified that Bowman admitted that he supplied the Lincoln and served as a lookout for the robbery. McSwain further testified that Bowman confessed supplying Veronikas with the police scanner.
 
 
 7
 A jury found Bowman guilty of the charges of armed robbery of a pharmacy, conspiracy to rob a pharmacy, and possession with intent to distribute controlled substances. It acquitted Bowman on the charge that he used a firearm in the commission of a felony. This appeal followed.
 
 II. DISCUSSION
 A. Jury Instructions
 1. Instruction on Witness Credibility
 
 8
 As the district court noted in its instructions to the jury, the witnesses testifying against Bowman were not "bishops, or college gentlemen or mayors." On the contrary, all four of the major witnesses had extensive felony records. At least three arguably had been addicted to narcotics at times relevant to this prosecution. Both Veronikas and Kraker were admitted accomplices in the pharmacy robbery. All four witnesses arguably received some sort of benefit from the Government in exchange for their testimony.
 
 
 9
 Bowman contends that the district court failed to give adequate cautionary instructions to the jury about the testimony of these witnesses. He argues that the district court should have specifically instructed the jury that it must examine the testimony of felons, addicts, accomplices, and informants with greater care than the testimony of an ordinary witness. See Devitt & Blackmar, Federal Jury Practice and Instruction, Instructions No. 17.02, 17.03, 17.04, 17.08 and 17.09. Bowman asserts that the district court agreed to so charge the jury during the instruction conference.
 
 
 10
 Despite Bowman's contention, we believe that the district court adequately and correctly instructed the jury on the credibility of these witnesses. The court thoroughly explained to the jurors that they were the sole judges of credibility. It observed that some of the witnesses were felons, had been narcotic addicts, and that some had made deals with the Government in exchange for their testimony. The court instructed the jurors that they should consider these factors when weighing the testimony of the witnesses. The credibility instruction given by the court thus adequately informed the jury as to its role and responsibility in examining the credibility of witnesses. See United States v. McGinnis, 783 F.2d 755, 758 (8th Cir.1986).
 
 
 11
 Bowman also contends that the district court violated Rule 30 of the Federal Rules of Criminal Procedure by altering its instructions on credibility after closing arguments. Bowman asserts that the district court agreed during the instruction conference to give his requested instructions on witness credibility. Relying on this representation, Bowman's attorney used specific language from these instructions during closing argument. Bowman asserts that the district court's unannounced change in the instructions severely prejudiced his case by making it appear that the attorney misstated the law during argument.
 
 
 12
 Rule 30 provides that the district court "shall inform counsel of its proposed action upon the request[ed jury instructions] prior to their arguments to the jury." Fed.R.Crim.P. 30. The objective underlying Rule 30 is "to fairly inform the trial lawyers [of the jury instructions] so that they may intelligently argue to the jury." United States v. Fusaro, 708 F.2d 17, 22 (1st Cir.), cert. denied, 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983).
 
 
 13
 We conclude that the district court complied with both the letter and the purpose of Rule 30. During the instruction conference, the district court agreed to give the "gist" of Bowman's requested instructions on credibility. At no time did the court indicate that it would give a word-by-word recitation of the proffered instructions. Moreover, even if we were to conclude that the district court's actions constituted a technical violation of Rule 30, Bowman failed to show any actual prejudice resulting from instructions such to require reversal of his conviction. See United States v. Hyman, 741 F.2d 906, 910 (7th Cir.1984) ("technical violations of Rule 30 require reversal only where the defendant can show actual prejudice"). We therefore hold that the district court did not commit reversible error in its instruction on witness credibility.
 
 2. Instructions on the Burden of Proof
 
 14
 At the instruction conference, Bowman requested a lengthy instruction on the presumption of innocence and the Government's burden of proving Bowman guilty beyond a reasonable doubt. This instruction included a passage emphasizing that the burden of proof always remained on the Government, and never shifted to the defendant. The district court gave a truncated version of the requested instruction, but did not mention that the burden of proof never shifted to the defendant. Bowman contends that the lack of such a charge constitutes reversible error.
 
 
 15
 We agree that the district court's instructions on the presumption of innocence, the burden of proof, and reasonable doubt were cursory. Brevity alone is not error, however. Reading the district court's charge to the jury in its entirety, we must conclude that the district court's instructions fairly and adequately communicated to the jury that the burden of proof lay with the Government. The court clearly instructed the jury that it must regard Bowman as innocent until proven guilty. The district court informed the jurors that they must acquit Bowman unless they were satisfied, beyond a reasonable doubt, that Bowman was guilty. The court made repeated references to the Government's burden of proving Bowman guilty throughout its instructions. Therefore, even presuming that Bowman preserved this issue for appeal,[1] we do not believe that the district court erred in its instructions on the matters of presumption of innocence, the Government's burden of proof, and reasonable doubt. See United States v. Risken, 788 F.2d 1361, 1371-72 (8th Cir.1986).
 
 B. Admissibility of Evidence
 1. Prior Wrongful Acts
 
 16
 At trial, the district court permitted the Government to introduce documents found during a police search of Bowman's home, including a Minnesota identification card carrying Bowman's picture but in the name of Duane Raymond Schuch, and a birth certificate and a marriage certificate in Schuch's name. The Government also introduced evidence establishing that Duane Raymond Schuch did not know Bowman.
 
 
 17
 The district court overruled two objections by Bowman to the introduction of the false identification documents. On appeal, Bowman argues that the evidence constituted character evidence introduced for the sole purpose of showing that Bowman represented a "bad person." According to Bowman, the district court therefore erred in not excluding the evidence under Federal Rule of Evidence 404(b), which excludes evidence of prior wrongful acts when offered to prove that the defendant acted in conformity therewith. Fed.R.Evid. 404(b).
 
 
 18
 The Government contends that the evidence that Bowman held documents in the name of Duane Raymond Schuch falls within Rule 404(b)'s provision for admission of prior wrongful acts which prove identity. See id. Several witnesses at trial asserted that they knew Bowman under a different name: Bowman worked for Hertz under the name of Ronald Cooper; he met Veronikas when using the name of Donald Bauman; Kraker testified that he knew Bowman under two different names. The Government asserts that evidence establishing that Bowman held documents in yet another name tended to support the witnesses' testimony that the man they knew under a variety of names was, in fact, Donald Bowman.
 
 
 19
 The district court has broad discretion in ruling on the admissibility of prior wrongful acts. United States v. Marchant, 774 F.2d 888, 893 (8th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986); United States v. Burchinal, 657 F.2d 985, 993 (8th Cir.), cert. denied, 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed.2d 622 (1981). On the basis of the record before us, we cannot say either that the district court abused its discretion in admitting evidence that Bowman had documents in the name of another, or that Bowman's defense was substantially prejudiced by any possible error in the admission of the evidence. We therefore reject Bowman's claim.
 
 2. Prior Consistent Statements
 
 20
 On cross-examination, Bowman's attorney questioned extensively the Government's four primary witnesses--Veronikas, Kraker, Starnes, and McSwain--as to prior statements inconsistent with their present testimony, and as to various deals that they had made with the Government in exchange for their testimony. The Government thereafter called police officers to testify that the witnesses had also made prior consistent statements. Bowman requested a limiting instruction that the consistent statements "are admissible not for their truth, but only to assist the jury in judging the truthfulness of the witness's testimony on the witness stand." The district court refused to give this instruction, concluding that the consistent statements were admissible as substantive evidence under Rule 801(d)(1)(B) of the Federal Rules of Evidence. Bowman challenges this holding on appeal.
 
 
 21
 Rule 801(d)(1)(B) provides that prior statements are admissible for their truth when two requirements are met. First, the declarant must testify at trial and be subject to cross-examination. Second, the statements must be consistent with the declarant's trial testimony and must be offered to rebut a charge of recent fabrication, or improper influence or motive. Fed.R.Evid. 801(d)(1)(B); see United States v. Scholle, 553 F.2d 1109, 1119-20 (8th Cir.), cert. denied, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977). Bowman contends that prior consistent statements are admissible as substantive evidence under this rule only when the statements were made independent from any motive to fabricate. He asserts that the Government witnesses made the consistent statements at issue here during times when they sought to get favorable plea terms or other benefits from the police officers.
 
 
 22
 We note that considerable controversy exists between the circuits as to whether prior consistent statements must be entirely independent of the alleged motive to fabricate before they can be admitted for substantive purposes. Some circuits require, for example, that the prior consistent statement be made before the existence of a motive to fabricate. See, e.g., United States v. Henderson, 717 F.2d 135, 138 (4th Cir.1983), cert. denied, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984); United States v. Rohrer, 708 F.2d 429, 433 (9th Cir.1983); United States v. Quinto, 582 F.2d 224, 232-34 (2d Cir.1978). These courts reason that a statement made while the declarant had a motive to falsify is not relevant to the rebuttal of a charge of recent fabrication "for the simple reason that mere repetition does not imply veracity." 4 J. Weinstein & M. Berger, Evidence p 801(d)(1)(B) at 801-117-18 (1981).
 
 
 23
 However, other courts permit the introduction of prior consistent statements for substantive purposes even when the statements were made subsequent to the existence of a motive to fabricate. See, e.g., United States v. Hamilton, 689 F.2d 1262, 1273-74 (6th Cir.1982), cert. denied, 459 U.S. 1117, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983); United States v. Parry, 649 F.2d 292, 295-96 (5th Cir.1981). These courts conclude that the timing of the statement affects only its materiality, and does not mandate exclusion under Rule 801(d)(1)(B). See United States v. Hamilton, 689 F.2d at 1273.
 
 
 24
 We believe the better rule imposes a requirement that the consistent statements must come before the motive to fabricate existed.[2] Nevertheless, no prejudicial error is shown in this case. We have carefully reviewed the record and, although the case is close, conclude that any error in admitting the prior statements for substantive purposes was harmless beyond a reasonable doubt. Many of the consistent statements challenged by Bowman, especially those of Starnes and McSwain, appear to have arisen before the alleged motive to fabricate, making them admissible for their truth even under the rule advanced by Bowman. In addition, the prior consistent statements were admissible for the purposes of rehabilitating the witness, even if not admissible for the truth of the matters asserted in those statements. See United States v. Scholle, 553 F.2d at 1121-22. The prior statements themselves contained nothing substantively new to the testimony of the Government witnesses. We conclude that, even excluding the prior consistent statements, the record established at trial established Bowman's guilt beyond a reasonable doubt, and the judgment against him should be affirmed. See Rose v. Clark, --- U.S. ----, ----, 106 S.Ct. 3101, 3104, 92 L.Ed.2d 460 (1986) (discussing harmless error rule).
 
 III. CONCLUSION
 
 25
 We have examined the other issues raised by Bowman, including additional claims of error in instructions and admission of evidence. These claims lack merit. The record in this case reveals no prejudicial error. Accordingly, we affirm.
 
 
 
 [1]
 In his objection to the court's instruction on the burden of proof and the presumption of innocence, Bowman failed to call the court's attention to the omission of a charge instructing the jury that the burden of proof never shifted to the defendant. Instead, Bowman merely reiterated his desire for the longer and more detailed reasonable doubt instruction that he had submitted to the court. The Government contends that Bowman therefore is foreclosed from raising this issue on appeal because he failed to inform the court of the specific grounds on which he objected. See Fed.R.Crim.P. 30; see also United States v. Byrd, 542 F.2d 1026, 1028 (8th Cir.1976)
 
 
 [2]
 In United States v. Scholle, 553 F.2d 1109 (8th Cir.), cert. denied, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977), this court rejected the argument that the prior consistent statement must be made prior to the impeaching statements to be admissible. 553 F.2d at 1122. The appellant also argued that the statements were inadmissible because they had been made after the declarant had been improperly influenced to fabricate the statements. We concluded that the statements clearly had arisen prior to any motive to fabricate. The court, however, did not consider whether the statements would be admissible even had they been made following the existence of a motive to fabricate. See id