Jeffrey Lee **RING**, Appellant,

v.

Robert A. **ERICKSON**, Appellee.

No. 91–2488.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided July 9, 1992.

As Amended Jan. 6, 1993.

Order Filed on Amendment of Opinion Jan. 6, 1993.

Phyllis J. Kirwin, Fridley, MN, argued, for appellant.

Thomas C. McNinch, Elk River, MN, argued, for appellee.

## ORDER

The panel opinion in this case was filed on July 9, 1992. 968 F.2d 760. Thereafter, a petition for rehearing with suggestion for rehearing en banc was filed. The suggestion for rehearing en banc was granted, thus vacating the panel opinion and the judgment entered pursuant thereto.

On its own motion, the panel files an amended panel opinion, which is attached to this order.

A separate order will be entered by the Court en banc with respect to the previous order granting the petition for rehearing with suggestion for rehearing en banc.

It is so ordered.

Before RICHARD S. ARNOLD, Chief Judge, LAY and HEANEY, Senior Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Petitioner Jeffrey Lee Ring appeals the District Court's denial of a writ of habeas corpus. Ring was convicted in a Minnesota state court of four counts of criminal sexual conduct in the second degree for sexually abusing two minors—his niece, M.K., and his daughter, C.R. Ring has already served a 54-month sentence for his conviction regarding M.K., and began serving a 21-month sentence regarding C.R. in January, 1992. Ring challenges the admission of two videotaped interviews of C.R., whom the state court determined to be incompetent to testify at trial, claiming their admission violated his Sixth Amendment right to be confronted with the witnesses against him. The District Court denied the writ, holding that Ring's constitutional rights were not violated. We reverse.

## I.

At issue in this case is the admission of two out-of-court statements made by C.R. in response to questions about the alleged abuse. The first statement was made to Dr. Carolyn Levitt on September 9, 1988, more than a month after the alleged abuse took place. The trial court allowed the prosecution to play the videotape of that interview for the jury over Ring's hearsay objection, holding that it fit within Rule 803(4) of the Minnesota Rules of Evidence, the hearsay exception for statements made to physicians for purposes of diagnosis or treatment. The second statement challenged by Ring was made in response to questions asked by Luann Heim, a social worker at Sherburne County Social Services. The court admitted this videotaped statement under Minnesota Statutes § 595.02, Subd. 3, a special hearsay exception for statements made by a child describing a sexual act if the court determines it is reliable, the child either testifies or is unavailable, and there is corroborative evidence of the act. Ring argues that the admission of both of these statements violated his rights under the Confrontation Clause. We agree.

## II.

The Confrontation Clause does not bar the use of all out-of-court statements. Additionally, we now know that whether C.R. was unavailable is irrelevant for purposes of the Clause. The Supreme Court recently held in *White v. Illinois*, —— U.S. ——, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), that

unavailability of the declarant is not constitutionally required. What the Constitution does require, however, is that the hearsay statements "bear[ ] adequate 'indicia of reliability.'" *Idaho v. Wright,* 497 U.S. 805, 815, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990). The *Wright* Court held, citing *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), that the reliability requirement can be met in either of two ways: "where the hearsay statement 'falls within a firmly rooted hearsay exception,' or where it is supported by 'a showing of particularized guarantees of trustworthiness.'" 497 U.S. at 816, 110 S.Ct. at 3147. "'[P]articularized guarantees of trustworthiness' must be shown from the totality of the circumstances." *Id.,* 497 U.S. at 819, 110 S.Ct. at 3148. The only circumstances which are relevant, however, are those surrounding the making of the statement, not corroborative evidence of the act. *Id.*

■ The first statement being challenged by Ring is the videotaped statement made by C.R. to Dr. Carolyn Levitt. The District Court upheld the state trial court's admission of the hearsay statement under the medical-diagnosis-or-treatment exception, Minn.R.Evid. 803(4), and therefore held its admission did not violate the Confrontation Clause, since it fell within a firmly rooted hearsay exception. Ring first argues that since C.R.'s mother did not take her to the doctor because she was experiencing medical problems or because she needed medical treatment, but only to substantiate a claim of sexual abuse, 803(4) does not apply. See *Wright,* 497 U.S. at 817–19, 110 S.Ct. at 3148 (although child's statements were made to a medical doctor, the statements did not fall within 803(4)). We disagree. The trial court implicitly found that the doctor was consulted for purposes of medical treatment. This is a

finding of fact which a habeas court may disregard only if one of the conditions specified in 28 U.S.C. § 2254(d) is met. We cannot say that any of these conditions has been met. Specifically, we cannot say that the record of the state-court proceeding does not fairly support the state trial court's implicit finding.

Secondly, C.R.'s mother, not C.R., sought the "medical treatment," and there was no evidence suggesting that at the time of the interview C.R. even knew Dr. Levitt was a doctor. C.R. was three years old at the time. The principal reason why 803(4) is a traditional hearsay exception automatically carrying the indicia-of-reliability label is because of the selfish-motive doctrine. This exception is based on the belief that a person seeking medical treatment is unlikely to lie to a doctor she wants to treat her, since it is in her best interest to tell the truth. *White,* — U.S. at —–—, 112 S.Ct. at 742–43. This underlying basis of reliability is not present in a case such as this one, where not only did the patient herself not seek the doctor's help,[1] but there is no evidence that she even knew she was talking to a doctor.[2] C.R.'s statement to Dr. Levitt did not fall within 803(4), a firmly rooted hearsay exception, nor did the trial court suggest that it was supported by "particularized guarantees of trustworthiness." Consequently, the statement's admission was a violation of Ring's rights under the Confrontation Clause.

■ The second statement challenged by Ring is a videotaped statement made by C.R. in an interview with a social worker, Luann Heim. The trial court admitted the statement under Minnesota Statutes § 595.02, Subd. 3, which provides:

An out-of-court statement made by a child under the age of ten years ... alleging, explaining, denying, or describing any act of sexual contact or pen-

---

**1.** We do not mean to imply that a doctor-patient relationship cannot be established by a parent. In this case, the fact that the relationship was established by a parent instead of by the child herself is simply one fact relevant to the question whether the child knew it was a physician that she was speaking to.

**2.** A child who is a competent witness could testify that she knew the person she was talking to was a physician. Here, the trial court ruled that C.R. was not competent to testify, but other witnesses, either the parents or the physician, could testify (if it is in fact the case) that the treating doctor's role was explained to the child and that the child understood it.

etration performed with or on the child ... by another, not otherwise admissible by statute or rule of evidence, is admissible as substantive evidence if:

(a) the court or person authorized to receive evidence finds, in a hearing conducted outside of the presence of the jury, that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability; and

(b) the child ... either:

(i) testifies at the proceedings; or

(ii) is unavailable as a witness and there is corroborative evidence of the act....

The parties agree that the statute is not a firmly rooted hearsay exception. It was enacted in 1984. Thus, C.R.'s statement must be supported by particularized guarantees of trustworthiness. Ring argues that it was not. We agree.

The trial court listed many factors that it found supported the reliability of the statement. The court's reliance on two of those factors—that Ring had the opportunity to commit the crime and that other evidence corroborated the abuse—was an error of law. *Wright* held that these factors are irrelevant to a showing of particularized guarantees of trustworthiness, and a trial court may not rely on them in analyzing the hearsay statement's reliability under the Confrontation Clause. See *Wright,* 497 U.S. at 825–27, 110 S.Ct. at 3152.

When the inappropriate factors relied on by the trial court are disregarded, the other factors do not satisfy the adequate-indicia-of-reliability standard. For example, the fact that C.R. used terminology typical of a child her age is not particularly helpful. *Wright* lists the fact that a child uses terminology *not* typical of a child of similar age as an indication of trustworthiness, not the opposite. 497 U.S. at 821–23, 110 S.Ct. at 3150. We hold that the statement is not particularly trustworthy and therefore that its admission violated Ring's rights under the Confrontation Clause.

Accordingly, we reverse and remand to the District Court with directions to grant the writ unless the State retries petitioner on the charges concerning C.R. within such reasonable time as the District Court may fix.

It is so ordered.