**Bruce Philip LARSON, Appellant,**

v.

**Gerald NUTT, Sheriff, Martin County, Appellee.**

No. 94–1052.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1994.

Decided Sept. 1, 1994.

Michael F. Cromett, St. Paul, MN, argued, for appellant.

Paul R. Kempainen, Asst. Atty. Gen., St. Paul, MN, argued (Gary G. Wollschlager, on brief), for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

The State of Minnesota charged Bruce Philip Larson with criminal sexual contact with his three-year-old daughter. Larson's daughter was available at his trial and the trial court found the child, then age five, competent to testify, but neither the State nor Larson called her as a witness. Overruling Larson's hearsay and Confrontation Clause objections, the trial court admitted evidence of the child's out-of-court statements to a physician's assistant, to a child protection specialist, to a therapist, and to a police officer and a social worker. A jury found Larson guilty and the Minnesota Supreme Court affirmed his conviction. *State v. Larson*, 472 N.W.2d 120 (Minn.1991), *cert. denied*, — U.S. —, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992). Larson filed a 28 U.S.C. § 2254 petition, claiming his conviction was obtained in violation of his Sixth Amendment confrontation right. The district court denied Larson's petition.

Larson appeals, contending the Confrontation Clause does not allow admission of his daughter's out-of-court statements because she was available but did not testify. According to Larson, an available, nontestifying witness's out-of-court statements may be admitted only when the out-of-court state-

ments fit a firmly rooted exception to the hearsay rule and his daughter's statements do not fit any firmly rooted hearsay exception.

■ We disagree with Larson's premise. "[W]hether [Larson's daughter] was unavailable is irrelevant for purposes of the [Confrontation] Clause." *Ring v. Erickson,* 983 F.2d 818, 819 (8th Cir.1992); *see White v. Illinois,* 502 U.S. 346, ——, 112 S.Ct. 736, 741, 116 L.Ed.2d 848 (1992) (availability analysis necessary only when challenged out-of-court statement was made in earlier judicial proceeding). The relevant inquiry is whether the out-of-court statements " 'bear[ ] adequate "indicia of reliability." ' " *Ring,* 983 F.2d at 820 (quoting *Idaho v. Wright,* 497 U.S. 805, 815, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990)). The reliability requirement is met either when the out-of-court statement fits a firmly rooted hearsay exception or "by 'a showing of particularized guarantees of trustworthiness.' " *Ring,* 983 F.2d at 820 (quoting *Wright,* 497 U.S. at 816, 110 S.Ct. at 3146).

In affirming Larson's conviction, the Minnesota Supreme Court considered whether the challenged statements had particular guarantees of trustworthiness. *Larson,* 472 N.W.2d at 126–28. Except for the child's statement to a police officer and a social worker, the Minnesota court concluded the statements were sufficiently reliable for Confrontation Clause purposes. *Id.* The Minnesota court also concluded admission of a videotape of the child's statement to a police officer and a social worker was harmless error beyond a reasonable doubt. *Id.* at 128.

Larson's habeas petition did not challenge the Minnesota court's conclusion that three of the out-of-court statements had particular guarantees of trustworthiness. In any event, Larson's skeletal assertion that "there were no circumstantial guarantees of trustworthiness surrounding the making of the statements," buried in a brief point discussing the benefits of cross-examination, does not raise this issue on appeal. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). Larson's sole argument on appeal is that only out-of-court statements fitting firmly rooted hearsay exceptions may be admitted without a showing of unavailability. Larson's argument is foreclosed by *White, Wright,* and *Ring.* We thus need not address Larson's assertion that his daughter's statements do not fit any firmly rooted hearsay exception.

We agree with the Minnesota Supreme Court that the child's videotaped statement to a police officer and a social worker was merely cumulative and its admission was at most harmless error. Indeed, Larson waived his Confrontation Clause objection to the videotape before trial, asking the trial court to overrule its earlier suppression order. We thus conclude Larson has failed to show admission of his daughter's out-of-court statements violated his Sixth Amendment confrontation right.

Accordingly, we affirm.