# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 99-3208

————————

| | |
|---|---|
| Larry Schaal, | * |
| | * |
| Appellee/Cross-Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| James A. Gammon, | * |
| | * |
| Appellant/Cross-Appellee. | * |

————————

Submitted: September 13, 2000
Filed: November 14, 2000

————————

Before BOWMAN and BEAM, Circuit Judges, and BOGUE,[1] District Judge.

————————

BOWMAN, Circuit Judge.

The State of Missouri appeals from the judgment of the District Court[2] granting Larry Schaal's petition for habeas corpus relief under 28 U.S.C. § 2254. The State argues that the District Court erred in finding that the state trial court violated Schaal's Sixth Amendment Confrontation Clause rights when it admitted into evidence an out-

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

of-court videotaped interview. Cross-appealing, Schaal contends that the District Court erred in rejecting an ineffective assistance of counsel claim and in remanding the case to the state trial court. We affirm in all respects except as to the remand order, which we reverse.

## I.

Schaal was arrested in 1987 for the rape of his former girlfriend's seven-year-old daughter and charged with one count of rape of a child under section 566.030 of the Missouri Revised Statutes. Schaal pleaded not guilty and stood trial in October 1987. At trial, the prosecution introduced a videotape under section 492.304 of the Missouri Revised Statutes of a psychologist's interview of the child that detailed the alleged rape by Schaal.[3] Section 492.304 permits the prosecution to introduce into evidence

---

[3] Mo. Rev. Stat. § 492.304 (1986), amended by 1992 Mo. Laws S.B. 638, provided in pertinent part:

> 1. In addition to the admissibility of a statement under the provisions of section 492.303 [providing for the taking of the deposition of an essential witness], the visual and aural recording of a verbal or nonverbal statement of a child when under the age of twelve who is alleged to be a victim of an offense under the provisions of chapter 565 [Offenses Against the Person], 566 [Sexual Offenses] or 568 [Offenses Against the Family], RSMo, is admissible into evidence if:
>
> (1) No attorney for either party was present when the statement was made;
> (2) The recording is both visual and aural and is recorded on film or videotape or by other electronic means;
> (3) The recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;
> (4) The statement was not made in response to questioning calculated to lead the child to make a particular statement or to act in a

videotaped statements of child victims under the age of twelve involved in statutorily identified offenses after the trial court finds the tape meets certain requirements. The trial court found the videotape satisfied the requirements of section 492.304 and admitted it into evidence.

Schaal moved to suppress the videotape, arguing it violated his rights under the Confrontation Clause. The trial court disagreed and permitted the jury to view the approximately twenty-minute videotape a single time. The videotape shows Dr. Snider, the child's psychologist, asking the child open-ended questions about the alleged rape and other instances of sexual abuse by Schaal. The child answers Dr. Snider's questions, but the quality of the videotape is poor and her responses are difficult to hear and understand.

Neither the prosecution nor Schaal ever called the child witness to the stand to testify although she was physically present in the courtroom throughout the trial and section 492.304 permitted either side to call her to testify. At the close of evidence, the jury convicted Schaal of one count of rape of a child and the court sentenced him to thirty years of imprisonment without the possibility of parole.

---

particular way;
    (5) Every voice on the recording is identified;
    (6) The person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;
    (7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and
    (8) The child is available to testify.

2. If the electronic recording of the statement of the child is admitted into evidence under this section, either party may call the child to testify and the opposing party may cross-examine the child.

After his conviction, Schaal exhausted his state-court remedies through a consolidated appeal to the Missouri Supreme Court of his 1987 conviction and the denial of his post-conviction motion. See State v. Schaal, 806 S.W.2d 659 (Mo. 1991). The Missouri Supreme Court denied relief and Schaal filed a petition for writ of certiorari to the United States Supreme Court, which the Court denied in 1992. See id.; Schaal v. Missouri, 502 U.S. 1075 (1992). In February 1996, Schaal filed the present habeas petition in federal court. In June 1999, the District Court granted Schaal's petition, holding that the introduction of the videotape at trial violated Schaal's Confrontation Clause rights. The District Court ordered the State to either release Schaal, provide him a new trial, or commence proceedings in the state trial court to evaluate the necessity of using the videotape as substantive evidence in lieu of the child witness's live testimony. The District Court rejected Schaal's claims of ineffective assistance of counsel.

The State appeals, challenging the District Court's conclusion that use of the videotape in Schaal's trial violated his Confrontation Clause rights. Schaal cross-appeals, arguing that the District Court erred in remanding the "necessity" issue to the trial court and further erred by denying Schaal's claim that trial counsel was ineffective in failing to move for a continuance of his trial.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, does not apply to Schaal's Petition for Habeas Corpus because his petition was pending prior to the effective date of the Act. Accordingly, the pre-AEDPA standards for federal-court review of state-court criminal proceedings govern this case. See Lindh v. Murphy, 521 U.S. 320 (1997). The district court's conclusions of law are reviewed de novo, while its factual findings are reviewed for clear error. See Sherron v. Norris, 69 F.3d 285, 290 (8th Cir. 1995).

II.

This case falls squarely between two often-tangled foundations of Sixth Amendment jurisprudence: the right to confrontation and the constitutional boundaries of the hearsay rules.  See Dutton v. Evans, 400 U.S. 74, 86 (1970) ("[T]he Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots."); California v. Green, 399 U.S. 149, 155 (1970) ("[I]t may readily be conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values . . . .").  Admission of the videotape implicates the line of cases addressing special procedures for child witnesses testifying at trial, as well as those cases addressing the constitutionality of out-of-court  statements admitted under the hearsay rules.  The threshold question we must answer is which of these two lines of cases controls analysis of the admission of the videotape.

A.

The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides:  "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. amend. VI.  "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."  Maryland v. Craig, 497 U.S. 836, 845 (1990).  "The combined effect of the[] elements of confrontation — physical presence, oath, cross-examination, and observation of demeanor by the trier of fact — serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceedings."  Id. at 846.

The State argues that the District Court erred by analyzing the videotaped interview between the child witness and her psychologist as in-court "testimony," not as an "out-of-court statement" properly admitted under section 492.304. Schaal does not dispute that the child witness was present in the courtroom during trial and "available" to testify under section 492.304. It is this opportunity to cross-examine the "available" child witness at trial, the State argues, that rectifies any incompatibility between the videotape's admission and Schaal's Confrontation Clause rights.

This Court has previously rejected the argument that the availability of the child declarant at trial necessarily renders the child's videotaped testimony constitutional under the Confrontation Clause. See Larson v. Nutt, 34 F.3d 647, 648 (8th Cir. 1994) (per curiam) (finding that child witness's unavailability to testify was irrelevant for purposes of the Confrontation Clause), cert. denied, 513 U.S. 1111 (1995); Ring v. Erickson, 983 F.2d 818, 819-21 (8th Cir. 1993) (finding admission of "available" child declarant's videotaped statements at trial violated defendant's confrontation rights).

Moreover, the State never called the child to testify on direct examination and Schaal, a defendant in a criminal case, cannot be expected to bear the burden of taking affirmative action to make the State's use of the videotape constitutional. See Lowery v. Collins, 988 F.2d 1364, 1369 (5th Cir. 1993) ("The State would . . . impermissibly impose on the defendant the Catch-22 . . . of either calling the child-complainant to the stand at the 'risk [of] inflaming the jury against [himself]' or avoiding the risk of thus inflaming the jury at the cost of waiving his constitutional right to confront and cross-examine the key witness against him.") (alteration in original) (footnote omitted) (quoting Lowrey v. State,[4] 757 S.W.2d 358, 359 (Tex. Crim. App. 1988)). We agree with the District Court that this type of burden-shifting is impermissible and not sufficient to satisfy the Confrontation Clause.

---

[4]The Texas state courts misspelled Lowery's name throughout their opinions. See Lowery, 988 F.2d at 1366 n.6.

The State next argues that the District Court erred in holding that the state trial court must determine the necessity of using the videotape instead of the live testimony of the child witness before admitting the tape into evidence. In support of that proposition, the District Court relied principally on two Supreme Court cases, Craig and Coy v. Iowa. See Craig, 497 U.S. 836, 857 (1990) (holding that admission of child witness's testimony through a one-way closed-circuit television at trial did not violate defendant's confrontation rights where State makes case-specific showing of "necessity"); Coy, 487 U.S. 1012, 1020 (1988) (holding that defendant's Confrontation Clause rights were violated when a screen was placed between child witness and defendant during in-court testimony). The State argues that White v. Illinois, 502 U.S. 346 (1992), renders Coy and Craig inapposite to the facts here. We agree.

In White, the trial court admitted into evidence a four-year-old sexual assault victim's statements to her babysitter, mother, police officer, nurse, and doctor without producing the child to testify or requiring a finding of unavailability. See id. at 350. On appeal, the defendant urged the Supreme Court to apply the Coy and Craig "necessity" test to the child's hearsay statements, but the Court rejected that argument, instead holding that "Coy and Craig involved only the question of what in-court procedures are constitutionally required to guarantee a defendant's confrontation right once a witness is testifying. Such a question is quite separate from that of what requirements the Confrontation Clause imposes as a predicate for the introduction of out-of-court declarations. Coy and Craig did not speak to the latter question." Id. at 358.

In the present case, the child's videotaped statements were admitted into evidence as out-of-court declarations, not as in-court testimony. The child witness never actually testified in court during Schaal's trial. While the substance and form of the videotape is testimonial in many respects (and the videotape itself was played in court), the fact remains that the interview in the psychologist's office — the locus of the witness's statements — was out-of-court and conducted six months before trial. White

elucidates that <u>Coy</u> and <u>Craig</u> only addressed how far the State could go to protect children testifying at trial. That is not the issue here.

Since <u>Coy</u> and <u>Craig</u>, this Circuit has considered two cases of videotaped sexual abuse allegations of child victims challenged on Confrontation Clause grounds. <u>See</u> <u>Larson</u>, 34 F.3d 647; <u>Ring</u>, 983 F.2d 818. In both <u>Larson</u> and <u>Ring</u>, however, we analyzed the videotaped statements not as "testimony" under the "necessity" test of <u>Craig,</u> but as hearsay statements under the "indicia of reliability" test set forth in <u>Idaho v. Wright</u>, 497 U.S. 805, 814-15 (1990). Neither case cited <u>Coy</u> or <u>Craig</u>. Similarly, we conclude that <u>Wright</u> controls this case and that we need not reach the issue of necessity.

B.

Incriminating statements that are admissible under an exception to the hearsay rule are not admissible under the Confrontation Clause unless the prosecution produces or demonstrates the unavailability of the declarant whose statement it seeks to introduce and the statement bears an adequate "indicia of reliability." <u>Ohio v. Roberts</u>, 448 U.S. 56, 65-66 (1980). The reliability requirement can be satisfied where the statement either falls within a firmly-rooted hearsay exception or if it is supported by a showing of particularized guarantees of trustworthiness. <u>See</u> <u>Wright</u>, 497 U.S. at 814-15.

It is beyond dispute that section 492.304 does not embody a hearsay exception "firmly . . . rooted in our jurisprudence." <u>Bourjaily v. United States</u>, 483 U.S. 171, 183 (1987). But hearsay statements may also bear an "adequate indicia of reliability" if they are supported by "a showing of particularized guarantees of trustworthiness." <u>Roberts</u>, 448 U.S. at 66. The State, however, has not shown any guarantees that the videotape admitted at Schaal's trial is trustworthy, and for good reason; a myriad of problems infects its reliability. Among other things, Schaal was not present during the

interview, and the child was never put under oath. Moreover, the child's mother, with whom Schaal had shared a stormy relationship, was present throughout the entire interview. The child's mother testified in her deposition that she spoke to the child during the videotaping, although the mother's voice cannot be heard.

The reliability of the child's statements is also affected by the relationship of the psychologist who conducted the videotaped interview with the child and her mother. The child and the psychologist met weekly for counseling sessions during the four months preceding the videotaped interview, including practice questioning sessions. The record also reveals that the child's mother was a patient of the same psychologist from June 1983 through 1987. The substantial relationship between the child, her mother, and the psychologist, coupled with the disdain the child's mother held for Schaal and her presence during the interview, raises the spectre of a suggestive environment and is of prime concern to the reliability of the videotape.

In addition to the concerns about undue suggestion, the taping conditions themselves are unknown, and the visual and aural quality of the videotape is so poor as to make it difficult to discern the witness's demeanor or hear her responses. After nearly every response by the child, the psychologist repeated back the answer he believed he heard, further compounding the hearsay. At one point during the interview, the psychologist stopped the videotape, took a break, reviewed the tape with the child, and resumed taping. The psychologist ultimately recorded two interviews of the child, taping over the first version with the second, thus selecting a version that achieved the desired effect and destroying one that apparently did not.

The totality of circumstances illustrates that the videotape fails to carry the required "indicia of reliability" necessary to admit it as an exception to the hearsay rule. The videotape is neither a firmly-rooted hearsay exception nor supported by particularized guarantees of trustworthiness. See Wright, 497 U.S. at 814-15. We also

agree with the District Court that the admission of the videotape was not harmless error.

## III.

In his cross-appeal, Schaal argues that the District Court erred by denying his claim of ineffective assistance of counsel for failing to request a continuance. We review ineffective-assistance claims de novo, but findings of predicate facts are reviewed for clear error. See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994). After careful review of the record, we affirm with respect to this claim for the reasons stated in the District Court's order. See 8th Cir. R. 47B.

## IV.

In summary, the District Court's judgment granting Larry Schaal's habeas petition is affirmed; the District Court's order to remand the "necessity" issue to the state trial court is reversed; and Schaal is ordered released from custody unless the State of Missouri commences a new trial within a reasonable time following the issuance of our mandate.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.