**STATE of Missouri, Respondent,**

v.

**Larry SCHAAL, Appellant.**

**No. 24413.**

Missouri Court of Appeals,
Southern District,
Division One.

July 15, 2002.

Motion for Rehearing or Transfer Denied
Aug. 6, 2002.

Application for Transfer Denied
Sept. 24, 2002.

---

Susan L. Hogan, Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Chief Judge.

Larry Schaal (Defendant) appeals from his conviction of one count of rape, § 566.030.3, following a jury trial in the Circuit Court of Jasper County.[1] He was sentenced as a "persistent sexual offender," § 558.018, and received a sentence of thirty years' imprisonment without eligibility of parole. Defendant asserts one point on appeal. He contends the trial court erred in overruling his motions for judgment of acquittal, accepting the guilty verdict and sentencing him because the state failed to prove beyond a reasonable doubt that the alleged offense took place between October 1, 1986, and November 15, 1986, as charged by the amended Information. Accordingly, he maintains that his federal and state constitutional rights to a fair trial and due process of law were violated.[2]

---

1. Statutory references are to RSMo 1986, unless otherwise noted.

2. Defendant was originally charged with rape in the Circuit Court of Jasper County. On October 15, 1987, Defendant was convicted of rape following a jury trial and was sentenced to thirty years' imprisonment as a persistent sexual offender. Section 558.018.2. Defendant's conviction was affirmed and his claim for post-conviction relief under Rule 29.15 was denied by the Missouri Supreme Court in

■ On an appeal challenging the sufficiency of the evidence, "the reviewing court 'accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary.'" *State v. Robinett,* 63 S.W.3d 236, 239 (Mo.App.2001) (quoting *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc.1993)). "In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *Grim,* 854 S.W.2d at 405 (quoting *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989)).

At the time of trial the victim, E.B., was twenty-two years old. When E.B. was approximately seven years old, her mother began dating Defendant. During trial, E.B. testified about incidents with Defendant that made her uncomfortable to be around him. She recalled Defendant forcing her to sit on his lap instead of playing with other kids. During a camping trip, E.B. had "wet" her bed and had removed her soiled clothes. She woke up and found Defendant, naked, wrapped around her. He also took photographs of E.B. when she was getting out of the bathtub.

E.B. further testified that in the fall of 1986 her mother took her to Defendant's house. Her mother left her there for Defendant to babysit. E.B. recalled throwing "a big fit" because she "didn't want to be left there." She eventually calmed down and was instructed to bathe. She did as she was told and after her bath, she wrapped herself in a bath towel and went into the living room to retrieve her pajamas. Instead of retrieving her pajamas, she went to see what Defendant was doing. She found him in the kitchen wearing only his socks and shorts, smoking a cigarette.

Defendant told E.B. to remove her towel. She refused and turned around to leave the kitchen and retrieve her pajamas. Defendant grabbed the back of her towel and spun her around so that she faced him. She grabbed her towel tighter, but Defendant was able to remove her towel. He laid the towel on the floor. She struggled, but Defendant was able to lay her on the towel. He placed one hand on her chest to hold her down and removed his shorts with his other hand. He then placed his penis in her vagina. She cried because it hurt.

E.B. testified that the penetration lasted a couple of minutes. After he let her go, she took her pajamas into the bathroom and dressed. She stayed in the bathroom for a while because she was in pain and did not want to be alone with Defendant. She only came out of the bathroom after Defendant called her out. When she left the bathroom, Defendant was holding a gun and told her he would kill her mother if she told her what had taken place.

E.B. stated she did not immediately tell her mother of the incident because she was afraid Defendant would kill her mother. E.B.'s mother ended her relationship with Defendant shortly after finding nude and partially nude photographs of E.B. taken by Defendant.

*State v. Schaal,* 806 S.W.2d 659, 669 (Mo. banc 1991). Subsequently, Defendant petitioned the United States District Court for the Western District of Missouri for *habeas corpus* relief under 28 U.S.C. § 2254. On appeal by the state, the United States Court of Appeals for the Eighth Circuit upheld the District Court's judgment granting *habeas corpus* relief and ordered Defendant released from custody "unless the State of Missouri commences a new trial within a reasonable time following the issuance of our mandate." *Schaal v. Gammon,* 233 F.3d 1103, 1108 (8th Cir.2000). This second trial followed.

After learning what had occurred between E.B. and Defendant, E.B.'s mother took her to a pediatrician for an examination. A medical examination revealed "blunt trauma" to the vaginal area.

Defendant alleges that the state failed to prove that the alleged offense took place between October 1, 1986, and November 15, 1986, as charged in the amended information filed against Defendant. Defendant further contends that the time period is an element of the crime. He argues that a conviction may stand only "upon evidence that is sufficient fairly to support a conclusion that *every element* of the crime has been established *beyond a reasonable doubt.*" *Grim*, 854 S.W.2d at 417 (quoting *Jackson v. Virginia*, 443 U.S. 307, 313–14, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560, 570 (1979)).

Defendant is correct that each element of the crime must be established beyond a reasonable doubt. Here, prosecutors needed to prove the elements of § 566.030.3, that: (1) Defendant had sexual intercourse with E.B.; (2) Defendant was not married to E.B.; and (3) E.B. was under fourteen years old at the time of the act.[3] These elements were established at trial.

E.B. testified the rape occurred about one month after school started in September. She also testified that the rape occurred after her trip to Kansas City. The parties stipulated prior to trial that the Kansas City trip occurred October 17, 1986. A defense witness testified that Defendant and E.B.'s mother ended their relationship on October 20, 1986. E.B.'s mother's sworn testimony from the first trial was read into evidence. She testified that E.B. spent the night at Defendant's house "one of the first weekends in October." E.B.'s mother further testified that

she ended her three month relationship with Defendant three days after October 17, 1986.

■■■ Contrary to Defendant's position, however, "[t]ime is not of the essence in sex offense cases." *State v. Rogers*, 942 S.W.2d 393, 395 (Mo.App.1997) (quoting *State v. Mills*, 872 S.W.2d 875, 878 (Mo. App.1994)). "The state is not confined to proving the particular acts charged occurred on precise dates stated in its information." *Id.* "It is sufficient if it proves the alleged acts were committed on any day before dates specified in the information and within the period of limitation." *Id.; see State v. Sexton*, 929 S.W.2d 909, 917 (Mo.App.1996); *State v. Gardner*, 849 S.W.2d 602, 605 (Mo.App.1993). Defendant does not claim that the rape of E.B. occurred outside applicable periods of the statute of limitations. *See* § 556.036.

Furthermore, while the state and Defendant presented conflicting interpretations of the evidence presented, it was the province of the jury to weigh that evidence and determine the credibility each piece of evidence should be given. *State v. Knifong*, 53 S.W.3d 188, 194 (Mo.App.2001). As part of that process, the "jury is free to believe (or disbelieve) all, some, or none of the testimony with which it is presented." *Id.*

Here the state presented evidence that the alleged acts occurred between October 1, 1986, and November 15, 1986. As set forth above, E.B.'s mother testified that E.B. spent the night at Defendant's house during one of the first weekends in October 1986, and E.B. testified the rape occurred one month after school started in September. The jury was free to disbelieve E.B.'s testimony that the rape oc-

---

**3.** "Sexual intercourse" is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." § 566.010.1(1).

curred after her trip to Kansas City. *Id.* Viewing the evidence in the light most favorable to the verdict, *Robinett,* 63 S.W.3d at 239, we find that the jury could have reasonably concluded, beyond a reasonable doubt, that the charged offense occurred within the time frame provided by the amended information or prior to the dates specified in the amended information. *Sexton,* 929 S.W.2d at 917; *see Rogers,* 942 S.W.2d at 396. Point denied.

The judgment of the trial court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.