Oliver JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8804–CR–422.

Supreme Court of Indiana.

June 19, 1989.

Marce Gonzalez, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Commission of a Felony (Rape) While Armed, for which he received a thirty (30) year sentence, and Aggravated Assault and Battery, for which he received a sentence of not less than one (1) year nor more than five (5) years, his sentences to be served concurrently. The conviction occurred in April of 1980. Appellant was scheduled to appear for sentencing on April 18, 1980, but he failed to appear and remained absent from the jurisdiction until August 27, 1986. He finally was sentenced on September 16, 1986.

The facts are: On February 15, 1977, the victim heard a knock on the door of her home in East Chicago. Appellant was standing in the doorway holding a gun. He pushed her into a bedroom and told her to pull her pants down as he pushed her onto the bed. When she tried to flee, he hit her twice in the face, pushed her back on the bed, and pulled her pants down. He then performed cunnilingus on her and raped her. He asked her for money and she told him it was in the bank.

As appellant was leaving, the victim's brother-in-law was approaching the house and assumed that appellant was a friend of the victim's husband. When the victim told him to chase appellant, he ran after him but was unable to catch him. Both the victim and her brother-in-law identified appellant as her attacker.

Appellant argues the evidence is insufficient to sustain his conviction because the State failed to prove the element of penetration. He supports his contention with the fact that the victim testified she could not feel whether appellant was inside of her, and a medical examination of the victim showed there were no abrasions or lacerations in her vagina.

Upon a claim involving the insufficiency of the evidence, we will not reweigh the evidence nor judge the credibility of the witnesses. The uncorroborated testimony of a rape victim is sufficient to sustain a rape conviction. The element of penetration may be proven by circumstantial evidence. *Ash v. State* (1987), Ind., 511 N.E.2d 448; *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304.

The victim's testimony was translated by a Spanish-speaking interpreter. During cross-examination, she was asked whether she felt "the intruder inside her." She answered, "Well, almost, yes." When asked for an explanation of her answer, she stated that she was not unconscious but was incoherent at the time. Defense counsel then said, "So you can't say for sure whether the intruder was ever inside you?" and she answered, "Yes he was." On redirect examination, the victim was asked whether she felt appellant insert his penis into her vagina, and she said, "Yes." A doctor testified that she had sperm in her vagina after the attack. We find the element of penetration was established, and the evidence sufficiently supports appellant's convictions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.