Sidney M. GALLOWAY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9502–CR–48.

Court of Appeals of Indiana.

Nov. 3, 1995.

Transfer Denied Jan. 9, 1996.

Kay A. Beehler, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARTEAU, Judge.

Sidney Galloway appeals from the trial court's denial of his request that he be appointed new counsel a week prior to his trial date. We affirm.

### FACTS

Galloway was charged with robbery, a class B felony, and carrying a handgun without a license, a class D felony, on September 20, 1993. At his initial hearing, a public defender was appointed for Galloway. Galloway noted at the time that he intended to hire private counsel, and a private attorney filed his appearance on Galloway's behalf at the pretrial hearing on January 19, 1994.

After the pretrial hearing, a plea agreement was filed, and a guilty plea hearing was set for February 23, 1994. Galloway did not appear at the hearing, and the court ordered a rearrest warrant issued. Galloway was apprehended on April 29, 1994. Another pretrial conference was held May 4, 1994, and Galloway indicated he wanted to withdraw his plea agreement and have a trial. He waived his right to a jury trial, and a

bench trial was set for June 24, 1994. On June 24, the State and Galloway's counsel jointly requested a continuance because, up to the date set for the trial, both parties believed a plea agreement was imminent. However, Galloway turned down the plea agreement, even though the State had agreed to the terms Galloway had said he would accept. The judge reset the trial date for August 19, 1994, and stated there would be no further continuances. Also on June 24, Galloway filed a pro se motion to withdraw his jury trial waiver and to withdraw counsel.[1] Both motions were denied.

On August 12, 1994, arguments were heard on a motion by Galloway's trial counsel to withdraw. Galloway's counsel indicated that Galloway was refusing to assist in his own defense. Galloway claimed his counsel had failed to interview certain witnesses, but he could not name the witnesses his counsel had failed to interview. When asked by the court whether he expected any other witnesses to "pop up" before trial, Galloway replied "probably so, yeah" but stated he didn't know who they might be. Supp.R. at 21. Galloway's counsel indicated his willingness to continue to represent Galloway, and the trial court denied the motion to withdraw.

### DISCUSSION

The right to counsel of one's choice is an "essential component" of the right to counsel in criminal prosecutions guaranteed by the sixth amendment to the United States constitution. *United States v. Nichols* (1988), 10th Cir., 841 F.2d 1485, 1501. But while the right to counsel is absolute, the right to counsel of one's choice is not. *Smith v. State* (1983), Ind.App., 452 N.E.2d 160, 163. A trial court may refuse to allow a criminal defendant to replace his counsel during or immediately before trial, and failure to grant an untimely request for change of counsel is not error unless the defendant was prejudiced by something his attorney did or did not do. *Parr v. State* (1987), Ind., 504 N.E.2d 1014, 1017. The trial court may refuse a motion for permission to withdraw if there will be a resultant delay in the administration of justice, and the trial court's deci-

sion in that regard is left to its sound discretion. *Carpenter v. State* (1986), Ind., 486 N.E.2d 1007, 1008. A defendant may not frustrate or disrupt sound judicial administration by deliberately discharging counsel. *Parr*, 504 N.E.2d at 1017.

In *Carpenter*, the trial court was found not to have abused its discretion when "various procedures to bring the case to trial were already in progress when the request was made," and the defendant had made no showing of prejudice stemming from his counsel's performance. 486 N.E.2d at 1008. *See also Jackson v. State* (1985), Ind., 483 N.E.2d 1374, 1377 (motion for change of counsel was properly denied when a continuance would have delayed a trial which had already suffered several continuances and extensions, and when the defendant's claims against his counsel were "all uncorroborated allegations and all referred to his personal relationship with counsel and his appraisal of what counsel was or was not doing to conduct a proper defense").

Here, Galloway made no showing that he was prejudiced by his counsel's failure to interview witnesses that Galloway himself could not identify, or by any other action or inaction of his counsel. Rather, his complaints were based on uncorroborated allegations concerning his personal relationship with counsel and his appraisal of what counsel was or was not doing to conduct a proper defense. His trial had already been delayed by continuances, withdrawals of plea agreements, and Galloway's own failure to appear at a guilty plea hearing. A trial had been scheduled to start only one week after his counsel moved to withdraw. The trial court did not abuse its discretion in denying the motion to withdraw, and its decision is

AFFIRMED.

ROBERTSON and RILEY, JJ., concur.

---

1. Neither of Galloway's June 24 motions appear in the record of proceedings except for an entry in the case chronological summary indicating the motions were made and denied on that date, R. at 8.