William O. McCLAIN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32S05–9510–CR–1198.

Supreme Court of Indiana.

Dec. 26, 1996.

---

**330**

Harold W. Blake, Lewis & Blake, Danville, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**1.** IND.CODE § 35–42–4–3 (1988).

ON PETITION TO TRANSFER

BOEHM, Justice.

This case deals with the exception to the hearsay rule provided by Indiana Evidence Rule 803(4) for statements made "for purposes of medical diagnosis or treatment." A jury convicted the defendant, William O. McClain, of child molesting, a class B felony.[1] The Court of Appeals affirmed in a memorandum decision. *McClain v. State*, No. 32A05–9408–CR–307, 654 N.E.2d 918 (Ind. Ct.App.1995). McClain seeks transfer arguing that the trial court erred in relying upon Evid. R. 803(4) to permit a therapist to testify regarding a child victim's statements.

Prior to trial, McClain filed a motion in limine to prohibit any testimony about what the victim may have said to other persons. Specifically, McClain challenged the testimony of a family therapist, Ann Heiny, who had obtained a bachelor's degree in psychology and a master's degree in marriage and family therapy but was not a physician. Following a hearing, the trial judge ruled that pursuant to Evid. R. 803(4) the therapist would be permitted to testify to statements made to her for the purpose of diagnosis or treatment of the victim. At trial, Heiny was permitted to testify that during the assessment process to determine what type of abuse had occurred, the victim told her "that someone had put their mouth on, I believe his term the first time was, his private part." Record at 331. Heiny further testified that the victim told her that he felt McClain was "going to get him" and that he was feeling very unsafe. Record at 332.

McClain argues that the trial court erred in allowing Heiny to testify regarding statements the child victim made to her. Specifically, McClain contends that because Heiny is a family therapist, not a physician, the hearsay exception in Evid. R. 803(4) does not apply. Indiana Evidence Rule 803(4) establishes a hearsay exception for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or the external source thereof inso-

far as reasonably pertinent to diagnosis or treatment." This exception is based upon the belief that a declarant's self-interest in seeking medical treatment renders it unlikely the declarant will mislead the person he wants to treat him. *White v. Illinois*, 502 U.S. 346, 355–56, 112 S.Ct. 736, 742–43, 116 L.Ed.2d 848 (1992). Statements made to non-physicians may fall within Evid. R. 803(4) if the statement is made to promote diagnosis or treatment. The Advisory Committee's Note to Federal Evidence Rule 803(4) states: "Under the exception the statement need not have been made to a physician. Statements made to hospital attendants, ambulance drivers or even family members might be included." [2] Thus, in cases where there is a proper showing of reliability, a statement to a family therapist may be admissible pursuant to the medical diagnosis or treatment hearsay exception.

■ The underlying rationale for this hearsay exception requires a two-step analysis for evaluating whether a statement is properly admitted pursuant to Evid. R. 803(4): 1) is the declarant motivated to provide truthful information in order to promote diagnosis and treatment; and 2) is the content of the statement such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment. *See United States v. Barrett*, 8 F.3d 1296, 1300 (8th Cir.1993); *Gong v. Hirsch*, 913 F.2d 1269 (7th Cir.1990).

■ In order to satisfy the requirement of the declarant's motivation, the declarant must subjectively believe that he was making the statement for the purpose of receiving medical diagnosis or treatment. *See* 13 R. MILLER, INDIANA PRACTICE § 803.104 at 625 (2d ed.1995). Often, for example where a patient consults with a physician, the declarant's desire to seek and receive treatment may be inferred from the circumstances.

Where that inference is not obvious, as in this case involving a young child brought to treatment by someone else, there must be evidence that the declarant understood the professional's role in order to trigger the motivation to provide truthful information. *Barrett*, 8 F.3d at 1300. Here the requisite indicia of reliability are missing. There is no evidence that the victim sought the therapist's help or that he believed he was receiving any treatment. The child testified that Heiny was his "counselor" and that he talked to her about what McClain did to him. Thus, the record is devoid of any evidence showing that the victim understood that he was speaking to a trained professional for the purposes of obtaining diagnosis of, or providing treatment for, emotional or psychological injuries. *See United States v. White*, 11 F.3d 1446,1449 (8th Cir.1993). Because the declarant's motive to promote treatment or diagnosis is crucial to reliability, the therapist's testimony was not shown to be within the medical diagnosis or treatment hearsay exception.

■ However, errors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party. Ind. Trial Rule 61; *Craig v. State*, 630 N.E.2d 207, 211 (Ind.1994). In determining whether error in the introduction of evidence affected the defendant's substantial rights, this Court must assess the probable impact of the evidence upon the jury. *Id.* In the present case, the child victim testified at trial, and was subject to cross-examination, regarding the acts of molestation and the surrounding circumstances of the incident. Thus, the declarant's statements as reported by the therapist, insofar as they bore on guilt or innocence or the declarant's apprehension of the defendant, merely repeated the declarant's statements made on the stand. Admission of hearsay evidence is not grounds for reversal where it

---

**2.** *See United States v. Yellow*, 18 F.3d 1438, 1442 (8th Cir.1994) (statement to clinical psychologist about alleged sexual abuse was admissible); *United States v. White*, 11 F.3d 1446, 1449–50 (8th Cir.1993) (statement by child abuse victim to social worker could have been admissible, but no showing made that victim believed the interview in automobile was made for purposes of emotional treatment); *United States v. Newman*, 965

F.2d 206, 210 (7th Cir.1992), *cert. denied* 506 U.S. 976, 113 S.Ct. 470, 121 L.Ed.2d 377 (1992) (psychology is "medicine" for purpose of Fed. R.Evid. 803(4)); *United States v. Balfany*, 965 F.2d 575, 579–80 (8th Cir.1992) (statements made by an abused child to a trained social worker or psychologist pursuant to diagnosis or treatment for emotional or psychological injuries were admissible).

is merely cumulative of other evidence admitted. *Pruitt v. State,* 622 N.E.2d 469, 474 (Ind.1993), *reh'g denied.* As a result, any error in the admission of the therapist's testimony was harmless and reversal is not required.

Having granted transfer for the sole purpose of addressing Indiana Evidence Rule 803(4), we summarily affirm the decision of the Court of Appeals in all other respects. Ind. Appellate Rule 11(b)(3).

SHEPARD, C.J. and DICKSON, J., concur.

SULLIVAN and SELBY, JJ., concur in result without separate opinion.