**Jomokenyatta N. DORSEY,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 84A01–0308–CR–282.

Court of Appeals of Indiana.

Feb. 9, 2004.

Robert D. Hepburn, Terre Haute, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Jomokenyatta N. Dorsey (Dorsey), appeals his conviction for battery resulting in serious bodily injury, a Class C felony, Ind.Code § 35–42–2–1(a)(3).

We affirm.

### ISSUE

Dorsey raises one issue on appeal, which we restate as follows: whether the trial court erred in admitting the recorded telephone conversation from the Vigo County Jail between Dorsey, an unknown male, and a State's witness.

### FACTS AND PROCEDURAL HISTORY

On March 30, 2003, Anthony Brown (Brown) argued with Marcel Nelson (Nelson), the father of his sister's children, at his sister's apartment in Terre Haute, Indiana. Later that afternoon, Brown returned to the apartment with two of his brothers and brother-in-law, Jerry Wells (Wells). Dorsey, a friend of Nelson's, was at the apartment, as well as several other unidentified men. Brown and Nelson again exchanged words and a fight ensued amongst the two groups of men.

A short time later, Anjail Brown (Anjail), Brown's sister, tried to help Wells get out of the group of fighting. As Wells approached Anjail's car, Dorsey hit Wells with his fist. Other unidentified men hit and kicked Wells in the stomach and head. Dorsey then struck Wells in the head with a long metal bar. As a result, Wells lost

consciousness. Wells suffered a compound fracture of his jaw and bruising to his face, neck and chest. Wells underwent surgery to place permanent metal plates in his jaw. Wells' mouth was also wired shut for six weeks.

On April 3, 2003, the State filed an information against Dorsey charging him with battery resulting in serious bodily injury, a Class C felony, I.C. § 35–42–2–1(a)(3). About one month later, Dorsey asked Lyndee Garrett (Garrett) to help him by telling the authorities that Dorsey was with her at the time of the offense and not involved in the fight. Garrett agreed to help Dorsey. On June 3, 2003, Garrett received a telephone call from the Vigo County Jail from Dorsey and an unidentified male. The unidentified male told Garrett that he was relaying a message from Dorsey, for Garrett to be at the courthouse the next morning for her deposition and "to look out for [Dorsey]." (Transcript p. 178). Dorsey then came onto the telephone line and talked to Garrett.

On June 9 through June 11, 2003, a jury trial was held. At trial, the State offered State's Exhibit # 4, the recorded jailhouse telephone conversation between Dorsey, Garret, and the unidentified male. Dorsey's counsel objected to the admission of the exhibit on the basis of hearsay. Conversely, the State argued that the jailhouse telephone conversation was admissible under Indiana Evidence Rule 801(d)(2), a statement by a party opponent. The trial court overruled Dorsey's objection and admitted the exhibit into evidence. At the conclusion of the trial, the jury found Dorsey guilty of battery resulting in serious bodily injury, a Class C felony. On that same date, the trial court entered a judgment of conviction. On July 7, 2003, a sentencing hearing was held. At the hearing, the trial court sentenced Dorsey to eight years executed.

Dorsey now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

Dorsey argues that the trial court erred in admitting State's Exhibit # 4, the jailhouse conversation between Dorsey, Garrett, and an unidentified male. Specifically, Dorsey contends that the exhibit was inadmissible hearsay. Conversely, the State alleges that the jailhouse telephone conversation was not hearsay, because it was a statement by a party-opponent. As a result, the State maintains that the trial court properly admitted the jailhouse conversation under Indiana Evidence Rule 801(d)(2).

■ The decision to admit or exclude evidence is within the sound discretion of the trial court and is afforded a great deal of deference on appeal. *Bacher v. State*, 686 N.E.2d 791, 793 (Ind.1997). The admission or exclusion of evidence will not generally be reversed on appeal absent a manifest abuse of discretion that results in a denial of a fair trial. *See Becker v. State*, 695 N.E.2d 968, 973 (Ind.Ct.App.1998). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. State*, 718 N.E.2d 783, 789 (Ind.Ct.App.1999), *trans. denied.* Moreover, this court will find an abuse of discretion when the trial court controls the scope of cross-examination to the extent that a restriction substantially affects the defendant's rights. *Nasser v. State*, 646 N.E.2d 673, 681 (Ind. Ct.App.1995). Evidence of bias, prejudice, or ulterior motives on the part of a witness is relevant at trial, as it may discredit the witness or affect the weight of the witness's testimony. Ind. Evidence Rule 616; *Sigler v. State*, 733 N.E.2d 509, 511 (Ind. Ct.App.2000), *trans. denied.*

In this case, Dorsey challenges the trial court's decision to admit State's Exhibit # 4, the telephone conversation between himself, Garrett, and an unidentified male, claiming that the telephone conversation consisted of inadmissible hearsay. The Indiana Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c.) Hearsay is generally not admissible in evidence. *See* Evid. R. 802. However, errors in the admission of evidence, including hearsay, are to be disregarded as harmless unless they affect the substantial rights of a party. *McClain v. State,* 675 N.E.2d 329, 331 (Ind.1996). In determining whether an evidentiary ruling has affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *See id.* Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *See id.* at 331–32.

At trial, Garrett testified that Dorsey asked her to commit perjury by saying that he was with her at the time of the offense, and not at the fight. Over the defense's objection, the trial court permitted the State to introduce into evidence the jailhouse telephone conversation between Dorsey, Garrett, and an unidentified male. The telephone conversation is as follows, in relevant part:

MALE VOICE: You need to be at the courthouse tomorrow at nine o'clock.

GARRETT: I know.

MALE VOICE: And you got that shit down?

GARRETT: I, yeah.

MALE VOICE: You don't sound too enthusiastic.

GARRETT: Because I'm not very enthused about perjury here.

MALE VOICE: Shhh. We're talking on a recorded phone conversation.

(Tr. pp. 177–78). The record further disclosed that after Garrett expressed her doubts about "looking out" for Dorsey because he was involved in a relationship with another female, the unidentified male stated, "[h]ey, well that ain't got shit to do with me man, I'm just relaying a message." (Tr. pp. 178–79). A few moments later, Dorsey came on the phone line and spoke with Garrett. We disagree with the State's contention that the conversation does not constitute hearsay because the unidentified male's statements were not necessary to prove that Dorsey asked Garrett to lie to the police. In particular, the jailhouse telephone conversation is clearly hearsay, as it is an out of court statement offered to prove the truth of the matter asserted—that Dorsey requested Garrett to lie about his whereabouts on the day of the incident.

Nevertheless, the State asserts that it was admissible under the hearsay exception: statement by party-opponent. Evid. R. 801(d)(2)(D). Indiana Evidence Rule 801(d)(2)(D), provides, in pertinent part:

(d) Statements Which are Not Hearsay. A statement is not hearsay if:

(2) *Statement by party opponent.* The statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship ...

Specifically, the State maintains, that the unidentified male was acting on behalf of Dorsey as his agent. We agree. The record supports the indication that the unidentified male was acting on behalf of Dorsey during the jailhouse telephone conversation between Garrett and himself.

Here, our review of the record reflects that the entire telephone conversation between Garrett and the unidentified male concerns Garrett's deposition testimony. Particularly, after Garrett answered the phone and identified herself, the unidentified male told Garrett that she needed to be at the courthouse "tomorrow" to give her deposition testimony. (Tr. p. 177). The record reveals that after Garrett expressed doubts concerning lying about Dorsey's whereabouts at the time of the incident, the unidentified male stated, "[a]nyway, come on man, do that shit for that [ ].... I mean, you need to look out for him man." (Tr. p. 178). After Garrett again expressed her doubts about "looking out" for Dorsey because he was involved in a relationship with another female, the unidentified male stated, "[h]ey, well that ain't got shit to do with me man, I'm just relaying a message." (Tr. pp. 178–79). Additionally, the record indicates that the unidentified male was on the phone line while Garrett and Dorsey were talking. Thus, Dorsey's presence at or near the placement of the call, along with his participation in the call, proves that the unidentified male placed the call with Dorsey's knowledge and consent. Notwithstanding the unidentified male's statement that he was "just relaying a message," it establishes that he was acting pursuant to Dorsey's request.

As a result, we find that the record clearly supports the inference that the unidentified male was acting on behalf of Dorsey when calling Garrett. Consequently, we conclude that the trial court did not err in admitting into evidence the jailhouse telephone conversation under the statement by a party-opponent exception. Accordingly, we find no abuse of discretion by the trial court in admitting State Exhibit # 4. *See Becker,* 695 N.E.2d at 973.

## CONCLUSION

Based on the foregoing, we conclude that Dorsey was properly convicted of battery resulting in serious bodily injury, a Class C felony, I.C. § 35–42–2–1(a)(3).

Affirmed.

DARDEN and BAILEY, JJ., concur.