## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damon Dozier, *Appellant-Defendant,* | December 18, 2017 |
| v. | Court of Appeals Case No. 49A02-1707-CR-1496 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Mark Stoner, Judge |
| | The Honorable Jeffrey Marchal, Magistrate |
| | Trial Court Cause No. 49G06-1610-F1-42542 |

**May, Judge.**

Damon Dozier appeals his convictions of two counts of Level 3 felony rape.[1] He presents three issues for our review, which we restate as:

1. Whether the trial court abused its discretion when it admitted testimony from the forensic nurse regarding statements made by the victim, M.B.;

2. Whether the trial court abused its discretion when it admitted the first 911 call made by M.B.; and

3. Whether the State presented sufficient evidence Dozier committed Level 3 felony rape.

We affirm.

## Facts and Procedural History

On November 26, 2014, sixty-six-year-old M.B. traveled from her apartment to a nearby liquor store. After purchasing items at the liquor store, M.B. encountered Dozier, whom she did not know. Dozier walked M.B. back to her apartment and entered her apartment.

Approximately three hours after Dozier entered M.B.'s apartment, she called 911 and indicated she had been raped. Officers arrived at M.B.'s apartment and

---

[1] Ind. Code § 35-42-4-1(a)(1) (2014).

found M.B. extremely intoxicated and were unable to understand her. Officers told M.B. to call back when she was no longer intoxicated because they could not understand her complaint. She called 911 again approximately six hours later. Detective Laura Smith of the sex crimes unit arrived on the scene, spoke with M.B., noticed M.B. was in pain, and had an ambulance take M.B. to Methodist Hospital for treatment.

[4] When she arrived at the hospital, M.B. was transported to Center of Hope, an area in the hospital where nurses with specialized training in sexual assault injuries are staffed. Nicolette Baer, a forensic nurse, examined M.B., who complained of extreme pain in her buttocks area. Baer testified M.B. had sustained significant tears and lacerations to her vaginal and anal areas consistent with blunt force trauma. M.B. told Baer someone "put his penis in [her] butt." (Tr. Vol. II at 63.)

[5] Baer also took vaginal and anal swabs from M.B. to attempt to match DNA with the seminal fluid present. In late 2016, the DNA was determined to belong to Dozier. On October 28, 2016, the State charged Dozier with Count 1, Level 1 felony rape;[2] Count 2, Level 3 felony rape; Count 3, Level 5 felony battery resulting in serious bodily injury;[3] and Count 4, Level 6 felony strangulation.[4] On April 18, 2017, the State filed two additional charges of

[2] Ind. Code § 35-42-4-1(b) (2014).

[3] Ind. Code § 35-42-2-1(f) (2014).

[4] Ind. Code § 35-42-2-9(b) (2014).

Level 3 felony rape as Count 5 and Count 6. On May 2, 2017, the State alleged Dozier was an habitual offender.[5]

[6] On May 10, 2017, the trial court held a bench trial. The trial court found

> The Court will make a finding that as to Count 1, the State has proven beyond a reasonable doubt Rape as a lesser included offense of Level 3. The State has shown beyond a reasonable doubt that the Defendant is guilty of Rape, a Level 3 felony, as charged in Count 2. The State of Indiana has not met its burden with respect to Counts 3 and 4. You will be found not guilty as to those. The State has proven beyond a reasonable doubt that he is guilty of Rape as [a] Level 3 felony as charged in Counts 5 and 6.

(*Id.* at 157.) On June 1, 2017, Dozier admitted he was an habitual offender. On June 14, 2017, the trial court held a sentencing hearing. The court first addressed the issue of double jeopardy at sentencing, stating:

> The Court will enter judgment of conviction only as to Counts 1 and 2. As the Court finds that the constitutional prohibition against double jeopardy would be violated if I entered judgment of conviction and sentence him on [Counts] 5 and 6, so the record would show [Counts] 5 and 6 proven.

(*Id.* at 176.) The trial court then sentenced Dozier to nine years enhanced by six years for Dozier's adjudication as an habitual offender for the first rape

---

[5] Ind. Code § 35-50-2-8(b) (2014).

conviction, and nine years for the second rape conviction, to be served concurrently for an aggregate sentence of fifteen years.

# Discussion and Decision

## *Admission of Evidence*

[7]   We typically review admission of evidence for an abuse of discretion. *King v. State*, 985 N.E.2d 755, 757 (Ind. Ct. App. 2013), *trans. denied*. Thus, we reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. We will not reweigh the evidence, and we will consider conflicting evidence in favor of the trial court's ruling. *Id*. However, we must also consider uncontested evidence favorable to the defendant. *Id*. A trial court ruling will be upheld if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Rush v. State*, 881 N.E.2d 46, 50 (Ind. Ct. App. 2008). Error in the admission or exclusion of evidence is to be disregarded as harmless unless it affects the substantial rights of a party. *Id*.

## Admission of Forensic Nurse's Testimony Regarding M.B.'s Statements

[8]   Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Indiana Evidence Rule 801(c). Hearsay is not admissible unless it fits within an exception to the hearsay rule. *Simmons v. State*, 760 N.E.2d 1154, 1160 (Ind. Ct. App. 2002). One exception to the hearsay rule is a statement

made for purposes of a medical diagnosis or treatment. Indiana Evidence Rule 803(4). For hearsay to fall into this exception, it must be a statement that: (A) is made by a person seeking medical diagnosis or treatment; (B) is made for - and is reasonably pertinent to - medical diagnosis or treatment; and (C) describes medical history; past or present symptoms, pain or sensations; their inception; or their general cause. *Id*. This exception "reflects the idea that people are unlikely to lie to their doctors because doing so might jeopardize their opportunity to be made well." *VanPatten v. State*, 986 N.E.2d 255, 260 (Ind. 2013).

[9] To test whether the declarant's self-interest in obtaining effective medical treatment makes the hearsay report adequately reliable for admission, the court must determine: "1) is the declarant motivated to provide truthful information in order to promote diagnosis and treatment; and 2) is the content of the statement such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment." *McClain v. State*, 675 N.E.2d 329, 331 (Ind. 1996). The statements made by victims of sexual assault "satisfy the second prong of the analysis because they assist medical providers in recommending potential treatment for sexually transmitted disease, pregnancy testing, psychological counseling, and discharge instructions." *VanPatten*, 986 N.E.2d at 260. The first prong regarding the declarant's motivation can generally be inferred from the fact a victim sought medical treatment. *Id*. at 260-1.

[10] M.B. told her daughter and Detective Smith that she was in pain. Baer testified when M.B. arrived at the Center of Hope, after being referred there from the

Emergency Room, she "was in a lot of pain and she was holding her bottom and she was talking to us saying that she had been sexually assaulted, she had been anally assaulted." (Tr. Vol. II at 57.) Baer stated M.B. "was in so much pain that she was getting kind of agitated talking about it." (*Id.*) Thus, the first prong of the medical exception to the hearsay rule is satisfied. *See McClain*, 675 N.E.2d at 331 ("where a patient consults a physician, the declarant's desire to seek and receive treatment may be inferred from the circumstances").

[11] Additionally, Baer explained a history of assault was necessary for treatment and diagnosis "[b]ecause if I would find any injuries based on the story she -- she is consistent with the story, I would obtain a swab of that area." (Tr. Vol. II at 61.) Indeed, M.B. reported to Baer she had been "rectally assaulted," (*id.* at 68), and Baer observed anal and vaginal tears. When Baer completed swabs of those areas, she collected seminal fluid later matched to Dozier. Thus, the second prong of the medical exception to the hearsay rule is satisfied. *See VanPatten*, 986 N.E.2d at 260 (the second prong satisfied by victim's statements because "they assist medical providers in recommending potential treatment for sexually transmitted disease, pregnancy testing, psychological counseling, and discharge instructions").

[12] The trial court did not abuse its discretion when it admitted Baer's testimony regarding what M.B. told her about her injuries because the two prongs of the medical exception of the hearsay rule were satisfied. Dozier's argument that M.B.'s statements could not be believed because she claimed she did not remember Dozier raping her are invitations for us to reweigh the evidence and

judge the credibility of witnesses, which we will not do. *See King*, 985 N.E.2d at 757 (appellate court will not reweigh evidence or judge the credibility of witnesses).

## Admission of the First 911 Call

[13] Additionally, the State offered into evidence two 911 calls made by M.B. The trial court admitted the first over Dozier's hearsay objection, but sustained Dozier's hearsay objection regarding the second. Dozier argues the trial court abused its discretion when it admitted the first 911 call M.B. made because the statements therein were impermissible hearsay.

[14] In admitting the first 911 call, trial court stated, "We will show [the first 911 call] admitted over objection. However, I think the exception is established as to the first call. I'm not as comfortable with the second call so I'm not going to consider the second call." (Tr. Vol. II at 10.) In their arguments about the hearsay objection, the parties argued regarding whether the excited utterance or present sense impression exception to the hearsay rule would allow the first 911 call into evidence. However, we need not decide whether the trial court abused its discretion when it admitted the first 911 call because the error is harmless.

[15] In a bench trial,

> the harm from any evidentiary error is lessened. In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence. Any harm from evidentiary error is lessened, if not completely annulled, when the trial is by the court sitting without

> a jury. Also, any error in the admission of evidence which is merely cumulative of evidence properly admitted is harmless.

*Berry v. State*, 725 N.E.2d 939, 943 (Ind. Ct. App. 2000) (internal citations omitted). Here, the trial court had M.B.'s testimony she had been sexually assaulted, testimony from the responding officer and M.B.'s daughter, and testimony from Baer, the forensic nurse who examined M.B. at the Center of Hope. Any information contained in the first 911 call was cumulative of the other evidence. Thus, any error in the admission of the first 911 call was harmless. *See id.* (error in the admission of evidence which is cumulative of evidence properly admitted is harmless).

## *Sufficiency of the Evidence*

[16] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[17] To prove Dozier committed Level 3 felony rape,[6] the State had to present sufficient evidence he had sexual intercourse with M.B. or caused her to "perform or submit to other sexual conduct" when she was "compelled by force or imminent threat of force[.]" Ind. Code § 35-42-4-1(a)(1) (2014). Indiana Code section 35-31.5-2-221.5 defines "other sexual conduct" as "an act involving . . . a sex organ of one person and the mouth or anus of another person."

[18] Dozier argues the evidence to support his convictions for rape is insufficient because M.B. "had no independent recollection of the incident that was the basis for the convictions." (Br. of Appellant at 19.) In addition, he asserts the encounter was consensual based on surveillance video showing M.B. and Dozier "behaving in a friendly manner." (*Id.* at 21.) Finally, Dozier stated on a taped statement that if "there was semen or anything like that it was there willingly, having sex." (Tr. Vol. II at 135.) Dozier's arguments are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

[19] The State presented evidence Dozier's DNA matched the seminal fluid found on M.B. Baer testified M.B. told her:

---

[6] Dozier seemingly appeals both of his convictions, but his arguments are not separated based on the act charged.

[M.B.] was at the liquor store walking back. She recognized a gentleman, a black gentleman that was younger than her that hung around the liquor store. And he had said something to her to the effect, "Like what are you doing out this late?" And she tried to ignore him and he continued to walk with her and she was walking back to her apartment. And when they arrived at her apartment, uh, he knocked the door open and then she stated to me that he put himself in me. And I clarified, "What does that mean?" And [M.B.] told me that he put his penis in [her] butt. . . . She said it hurt very badly. She started to scream. He grabbed her from behind strangling her in the neck and said, "Shut up or I will kill you."

(Tr. Vol. II at 63.) Baer's medical examination revealed both vaginal and anal tears, consistent with blunt force trauma to those areas. M.B. testified she did not consent to vaginal or anal intercourse with Dozier. Based thereon, we conclude the State presented sufficient evidence Dozier committed Level 3 felony rape. *See Johnson v. State*, 539 N.E.2d 949, 950 (Ind. 1989) (victim's testimony and presence of defendant's seminal fluid on victim sufficient to affirm conviction of rape).

# Conclusion

[20] The trial court did not abuse its discretion when it admitted Baer's testimony regarding what M.B. told her because the hearsay was admissible under the medical diagnosis or treatment exception. Any error in the admission of the first 911 call was harmless, as the evidence contained in the call was cumulative of other evidence properly admitted. Further, the State presented sufficient evidence Dozier committed Level 3 felony rape. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Altice, J., concur.